IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND, | |
| Plaintiff, | Case No. 2015-CV-10323 |
| vs. | Assigned Judge: Judge Thomas M. Durkin |
| THE E COMPANY, a dissolved Illinois corporation; T&W EDMIER CORP., a dissolved Illinois corporation; EDMIER CORP., an Illinois corporation; K. EDMIER & SONS, LLC, an Illinois limited liability company; and THOMAS W. EDMIER, individually, | Designated Magistrate Judge: Judge Sheila Finnegan |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL**

NOW COME the Defendants, THE E COMPANY, a dissolved Illinois corporation; T&W EDMIER CORP., a dissolved Illinois corporation; EDMIER CORP., an Illinois corporation; K. EDMIER & SONS, LLC, an Illinois limited liability company; and THOMAS W. EDMIER, individually (herein collectively referred to as "Defendants"), by and through their attorney, GEORGE L. GRUMLEY, and for their Memorandum in Support of Defendants' Motion to Compel Discovery, state as follows: [1]

Plaintiff has sought substantial discovery from Defendants, including subject matter out of the scope of the notice of liability letter sent by Plaintiff. Plaintiff has taken the depositions of William Edmier, Thomas Edmier and Kevin Edmier. It has filed, and Defendants have answered, Requests to Admit, Interrogatories and Requests to Produce. Plaintiff's enthusiasm over discovery belies their position that discovery should not be

---

[1] T&W EDMIER CORP. and THE E COMPANY have been dissolved by the Illinois Secretary of State for failure to file taxes. Thus, when notice was arguably received from Plaintiff, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND ("Plaintiff"), they were out of business, had no employees and no officers.


permitted to Defendants. Does this really make sense? Plaintiff has effectively waived its claim that Defendants should be denied discovery by their own actions.

## ARGUMENT

No case cited by Plaintiff supports its contention that Defendants should be denied discovery on the matter in which it is sought herein. Nor, is arbitration, despite Plaintiff's contentions, a mandatory prerequisite to a request for discovery. Although arbitration under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") is mandatory, the requirement is not a jurisdictional prerequisite. *Central States, Southeast and Southwest Areas Pension Fund v. Midwest Motor Exp., Inc.*, 999 F.Supp.1153 (N.D. Ill. 1998). Federal courts confronted with the issue whether arbitration is required under MPPAA have uniformly analyzed the question as an issue of exhaustion of administrative remedies, not as an issue of an absolute jurisdictional bar. *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.*, 727 F.2d 1204, 1207 (D.C. Cir.); *see also Republic Indus. v. Central Pa. Teamsters Pension Fund*, 693 F.2d 290 (3d Cir. 1982); *I.A.M. Nat'l Pension Fund v. Schulze Tool and Die Co.*, 564 F.Supp.1285, 1289 (N.D. Cal. 1983).

## NOT ALL MATTERS TO BE RESOLVED ARE
## UNDER EXCLUSIVE ARBITRAL JURISDICTION

Arbitration under MPPAA is not a statutorily specified jurisdictional prerequisite to judicial resolution of a dispute under the Statute. *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.*, 727 F.2d 1204 (D.C. Cir.). Courts have previously held that initial recourse to arbitration is statutory direction, one *generally* to be followed unless neither party timely presses a plea in abatement, and the district court finds that deferring a court contest while parties repair to arbitration will neither lead to application of superior expertise nor promote judicial economy. *Id*.

The Court in *Findlay Truck Line, Inc. v. Central States, S.E. & S.W. Areas Pension Fund*, 726 F.3d 738, 744 (6th Cir. 2013) has acknowledged that there are exceptions to the arbitration requirement, "such as where the arbitrator does not possess special expertise, where arbitration would not promote judicial economy, where deference to the statutory record is not necessary, and where arbitration would not develop a helpful record. *See also Dorn's Transp., Inc. v. Teamsters Pension Trust Fund*, 787 F.2d 897, 903 (3d Cir.1986); *T.I.M.E.-DC v. Mgmt.-Labor Welfare & Pension Funds*, 756 F.2d 939, 945 (2d Cir.1985).

As the Seventh Circuit explained, the issue of membership in a "control group" cannot be within *exclusive* arbitral jurisdiction. *Central States, S.E. & S.W. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1373 (7th Cir. 1992). While the dicta in *Slotky* uses the example of a person 'who had absolutely no reason to believe that they might be deemed members of a controlled group' to support the above statement, the Court proceeds to present other examples and states that "the courts can resolve some disputes over membership in controlled groups." *Id.* Because Congress has *not* clearly stated in MPPAA that a court cannot decide an issue without first requiring arbitration, courts have concluded that arbitration under MPPAA is not a statutorily specified jurisdictional prerequisite. *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.*, 727 F.2d 1204, 1208 (D.C. Cir.) (ruling that arbitration was neither a statutory prerequisite to the district court's jurisdiction nor was arbitration a requirement mandated by jurisprudential considerations).

## MATTERS SOUGHT IN DISCOVERY BY DEFENDANTS ARE NOT BEST RESOLVED IN ARBITRATION

A mandatory prerequisite of arbitration barring discovery would unlawfully deprive Defendants of their statutory rights. If Plaintiff intends to produce a witness, Defendants have a right to cross examine the testimony of such witnesses. In the case cited by Plaintiff,

3

*NYSA-ILA Pension Trust Fund v. American Stevedoring, Inc.*, 2013 U.S Dis. LEXIS 44351 (S.D. NY. Mar. 26, 2013), discovery was denied because "the *matter in which it seeks discovery* is available only in arbitration mandated by the MPPAA (ruling that seeking discovery to prove plaintiff deliberately used incorrect address to deprive defendants of notice is mandated to arbitration). This is not the issue presented by this case or the reason why discovery is sought.

As set forth in *Am. Stevedoring, Inc.*, 2013 U.S. Dis. LEXIS 44351, the issues which *shall* be subject to arbitration include: (1) questions of whether there has been a withdrawal governed by 29 U.S.C. §1383 (employer withdrawals) and §1385 (partial withdrawals); (2) questions of what the withdrawal liability is and how it should be calculated are addressed in 29 U.S.C. §1381 (withdrawal liability established); §1382 (determination and collection of liability and §1391 (method of computing withdrawal liability); and (3) sale or assets or changes in business form are addressed in 29 U.S.C. §1384 (sale of assets) and §1398 (suspension during labor dispute). The discovery sought in this case is not an issue that shall be subject to arbitration, as conveyed in *Am. Stevedoring, Inc.*, 2013 U.S. Dis. LEXIS 44351.

MPPAA mandates that the issues listed above and *others like them* must be resolved exclusively by arbitration. *New York State Teamsters Conference Pension & Ret. Fund v. McNicholas Transp. Co.*, 848 F.2d 20, 22 (2d Cir. 1988). As supported by *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.*, Defendants engaging in arbitration for the matter sought in discovery will not lead to superior expertise when the district court can instead determine the factual and legal issues involved. Defendants' ability to cross-examine a witness, such as the Fund's director, and assessing his qualifications, is a matter sought which is not best resolved in arbitration. *Hotel 71 Mezz Lender LLC v. National Retirement Fund*, 778 F.3d 593, 600 (7th Cir. 2015) acknowledged the factual nature of the

issue, yet allowed the court itself to serve as finder of fact. The method of discovery that Plaintiff intends to bar with an asserted arbitral mandate would allow Defendants to uncover material facts that are pertinent to recognize potential discrepancies and reach the truthfulness of Plaintiff's asserted information.

## CONCLUSION

The factual issue in this case is not one of merely characterization of a controlled group or a matter seeking discovery on factual issues which are best resolved in arbitration. Based on the above authority, arbitration in this case would neither promote judicial economy nor develop a helpful record. If a motion for summary judgment was filed, discovery would further prove to be imperative to demonstrate a genuine dispute of material facts. After Plaintiff has discussed their intentions to file for summary judgment for six months, they have filed no such motion.

Respectfully submitted,

*/s/ George L. Grumley*
George L. Grumley (ARDC: 1077139)
george.grumley@grumleyrosic.com
GRUMLEY, KAMIN & ROSIC, LLC
70 West Madison Street, Suite 2100
Chicago, Illinois 60602-4253
(312) 994-0540 | F: (312) 994-0541

## **CERTIFICATE OF SERVICE**

George L. Grumley, an attorney, hereby certifies that a copy of the foregoing was served upon the following via CM/ECF, this 30th day of March 2017:

John J. Toomey
jtoomey100@hotmail.com
ARNOLD AND KADJAN
Suite 600
35 East Wacker Drive
Chicago, Illinois 60601

*Attorney for Plaintiff*

                                                        */s/ George L. Grumley*
                                                        George L. Grumley